## McCallam, Administratrix, *vs.* Carswell.

Equity, from Wilkinson. Trusts and Trustees. Statute of Limitations. Contracts. Consideration. Allegata and Probata. Variance. Equity. (Before Judge Lawson.

Hall, J.—1. The statute of limitations does not apply to a continuing executory trust unless the defendant has changed his relation to the real owner in reference to the property assigned to him, and has given notice, either direct or such as may be inferred by open and notorious acts, that he holds adversely and in hostility to the claim of the cestui que trust. But where a policy of insurance was transferred by an assignment absolute and unconditional on its face, in extinguishment of a debt which the assignor owed the assignee, and the latter gave the former the privilege of having the policy re-assigned to him, in the event he so desired, upon his paying the debt and the interest due thereon, together with the amount of premiums the assignee had to pay to prevent the policy from lapsing, and for this reason the assignee kept possession of the note evidencing the indebtedness to him, it was optional with the assignor whether he redeemed the policy or not, and for want of mutuality, neither one of the parties could have enforced a specific performance of the contract against the other. The assignee held the policy upon no special trust or confidence; his title to it became adverse when the assignment was made, and time began to run in his favor from that date. 11 Ga., 259, head note 6, 264, 265; 71 Id., 818.

2. Where a bill makes one case, and the proofs offered to sustain it make another and widely different case, so that there is no correspondence between the allegations and the evidence, but a variance, if not a direct repugnance, the bill will be dismissed on motion.

Judgment affirmed.

J. W. Lindsey; E. F. Best; Gustin & Hall, for plaintiff in error.
Billups & Hardeman; J. G. Ockington, for defendant.